```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
AKIN UCARER,                                                            :
                                                                        :
                              Plaintiff,                                :    19-CV-5943 (JMF)
                                                                        :
               -v-                                                      :
                                                                        :    MEMORANDUM OPINION
ALA TURK, INC., D/B/A A LA TURKA,                                       :         AND ORDER
SULEYMAN SECER, HUSEYIN SECER, and UTKU                                 :
SECER,                                                                  :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Akin Ucarer brought this action against Ala Turk, Inc., as well as Suleyman Secer, Huseyin Secer, and Utku Secer (collectively, "Individual Defendants" and, together with Ala Turk, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law §§ 190 *et seq.* See ECF No. 26. On July 15, 2020, Ala Turk filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York, *see* ECF No. 52-1, automatically staying this case against it — but not the Individual Defendants — by operation of law, *see* 11 U.S.C. § 362(a)(1). On October 12, 2020, Ucarer filed a proof of claim in Ala Turk's E.D.N.Y. bankruptcy proceeding. *See* ECF No. 63. Pursuant to 28 U.S.C. §§ 1404(a) and 1412, Ala Turk now moves, with the support of the Individual Defendants, to transfer this case in its entirety to the Eastern District of New York — to be referred, in turn, to that District's Bankruptcy Court. *See* ECF No. 51, at 1; ECF No. 64, at 2; *see also* ECF Nos. 53, 58, 59. For the reasons that follow, the motion is granted.

When considering a transfer motion under Section 1404(a), the Court must first determine whether venue is proper in the transferee district, and if it is, decide whether convenience and the interests of justice favor transfer. *See, e.g.*, *Sadat v. State Univ. of N.Y. Upstate Med. Univ.*, No. 19-CV-5053 (JMF), 2019 WL 4511555, at *1 (S.D.N.Y. Sept. 19, 2019); *see also, e.g.*, *Albert Fadem Tr. v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (listing nine non-exhaustive factors to consider under the transfer standard). Here, because Ala Turk maintains its principal place of business in the Eastern District, *see* ECF No. 52-1, at 59, and the Individual Defendants are all residents of New York State, *see* ECF Nos. 53, 58, 59, venue would also be proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(d). Thus, Defendants' motion turns on whether they show by "clear and convincing evidence" that convenience and the interests of justice favor transfer. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

Upon consideration of the parties' motion papers and the relevant factors, the Court concludes that Defendants carry their burden, substantially for the reasons provided by Judge Oetken in *Agapito v. AHDS Bagel, LLC*, No. 16-CV-8170 (JPO), 2018 U.S. Dist. LEXIS 184909 (S.D.N.Y. Oct. 29, 2018). Like this case, *Agapito* involved claims under the FLSA against both corporate and individual defendants. *See id.* at *1-2. As here, the corporate defendants filed for bankruptcy in the Eastern District of New York, and the plaintiffs filed claims in the bankruptcy proceedings. *See id.* at *2, 5. Under those circumstances, Judge Oetken concluded that transfer of the case to the Eastern District, for referral to the Bankruptcy Court, served the interests of justice. *See id.* at *5-7. That conclusion, he reasoned, was consistent with this Court's standing order referring cases "related to" an ongoing bankruptcy proceeding to the Bankruptcy Court for this District. *See id.* at *3-4. True, that order did not apply because the bankruptcy proceedings

2

were pending in a different district. *See id.* at *4. Nevertheless, he explained, the order was "instructive insofar as it reflects this Court's considered view that suits relating to a bankruptcy should typically be consolidated in bankruptcy court." *Id.* at *5. The conclusion that transfer was in the interests of justice was also consistent with 28 U.S.C. § 157(a), which reflects Congress's recognition "that 'bifurcation of jurisdiction over matters obviously pertinent to [a] bankruptcy case . . . serve[s] [no] identifiable policy objective; indeed, it seem[s] to promote nothing but delay, inconvenience, and the litigation of abstruse jurisdictional issues, all of which tend[] to work to the prejudice of the estate.'" *Id.* at *6 (alterations in original) (quoting *In re Turner*, 724 F.2d 338, 341 (2d Cir. 1983)); *see also id.* at *3.

Judge Oetken's reasoning applies with equal force here. Because Plaintiff has filed a proof of claim in the E.D.N.Y. bankruptcy proceeding, his claim against Ala Turk qualifies as a "core" proceeding subject to resolution by the Bankruptcy Court. *See, e.g.*, *S.G. Phillips Constructors, Inc. v. City of Burlington*, 45 F.3d 702, 705 (2d Cir. 1995).[1] And Plaintiff does not seriously dispute that this case, in its entirety, is "related to" the E.D.N.Y. bankruptcy proceedings or that, had the latter been pending in this District, it would have been subject to automatic referral to the Bankruptcy Court. *See SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 339-40 (2d Cir. 2018) ("[A] civil proceeding is related to a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate." (internal quotation marks omitted)). If anything, the case for transfer here is stronger than it was in Judge Oetken's case, for two reasons. First, the corporate defendant in Judge Oetken's case filed for bankruptcy on the eve of

---

[1] Plaintiff argues that the reference to the Bankruptcy Court should be withdrawn. *See* ECF No. 67, at 1-4. That argument is premature, as the case is not yet referred — and, when it is referred, it will be referred by the United States District Court for the Eastern District of New York, not by this Court. Thus, Plaintiff's argument is properly made after transfer.

trial.  *See Agapito*, 2018 U.S. Dist. LEXIS 184909, at *2.  By contrast, this case was in the early stages of discovery.  And second, in Judge Oetken's case, the bankruptcy court had modified the automatic bankruptcy stay to allow the plaintiffs' claims against the corporate defendant to proceed.  *See id.* at *2-3.  By contrast, the automatic stay is still in place here, so the Bankruptcy Court for the Eastern District of New York is the only forum in which Plaintiff's claims against Ala Turk — and, thus, all of Plaintiff's claims — can be resolved.  That is reason enough to justify transfer.  *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh v. Turtur*, 743 F. Supp. 260, 263 (S.D.N.Y. 1990) ("[A]s a general proposition, cases should be transferred to the district where related actions are pending." (internal quotation marks omitted)); *Berg v. First Am. Bankshares, Inc.*, 576 F. Supp. 1239, 1243-44 (S.D.N.Y. 1983) (transferring and noting that "[e]ven if it were improbable that the two cases would be consolidated upon transfer . . . the fact that they are intimately related remains a strong reason for transfer").

Accordingly, pursuant to Section 1404(a), the Court orders that this case be transferred to the United States District Court for the Eastern District of New York — to be referred, in turn, to the United States Bankruptcy Court for the Eastern District of New York in connection with Case No. 20-42628 (Bankr. E.D.N.Y.).  In light of that conclusion, the Court need not, and does not, decide whether transfer would be appropriate under Section 1412.  *See Agapito v. AHDS Bagel LLC*, No. 16-CV-8170 (JPO), ECF No. 52, at 2 n.1 (S.D.N.Y. Nov. 16, 2018) (doing the same).  The Clerk of Court is directed to terminate ECF No. 50, to transfer this case to the United States District Court for the Eastern District of New York, and to close it in this District.

SO ORDERED.

Dated: November 30, 2020
      New York, New York

                                  JESSE M. FURMAN
                                  United States District Judge